UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Jerome Smith, ) | C/A No. 6:11-2273-TLW-KFM |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Michael McCall; Associate Warden ) | |
| Mauney; Major Bush; Captain Duffy; and ) | |
| Captain Miller, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

Terry Jerome Smith ("Plaintiff"), an inmate with the South Carolina Department of Corrections ("SCDC"), files this civil action *pro se* and *in forma pauperis*. Plaintiff alleges that Defendants violated his constitutional rights, and he brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that for ten days (August 8, 2011, to August 17, 2011), he was "locked down" in his cell for 24 hours per day, seven days per week, without running water in the cell, without a shower, without "medical," and without any hot meals. Plaintiff alleges that he received only cold bag lunches for every meal. Plaintiff alleges that the reason for his lock-down was that he had not found a prison job, and he alleges that he has asked for certain prison jobs but was not selected. Plaintiff also alleges that within the prison there are not enough jobs for the inmates, and he believes that he should be issued a job rather than required to find one. Plaintiff alleges that Defendants have threatened him with lock-down for "up too (sic) 90 days to 6 months," if Plaintiff does not begin a prison job. Plaintiff seems to challenge the decision of Perry's prison officials to create a "non-working dorm" where inmates are required to find a job. Plaintiff alleges

that his prison conditions violate the Eighth and Fourteenth Amendments and SCDC rules. Plaintiff requests that this Court "order the warden at the Perry Correctional Institutional (sic) to transfer me to another Level 3 Institutional (sic)...."

Plaintiff alleges that he was in the lock-down from August 8, 2011, to August 17, 2011. On the Complaint form, Plaintiff responded that he filed a prisoner grievance concerning the claims in this action on August 10, 2011, and he answered that he had not received a final agency/departmental/institutional answer. Plaintiff's Complaint was signed on August 21, 2011, and it appears that he mailed the Complaint on August 23, 2011, when the Perry Correctional Institution mail room received the document.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As

2

a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This case should be dismissed without prejudice because Plaintiff failed to exhaust available prison administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte*

dismissal prior to service of the complaint may be appropriate. *See Jones v. Bock*, 549 U.S. 199 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Moore v. Bennette*, 517 F.3d 717, 725-26 (4th Cir. 2008) (noting that in rare cases a court may be able to determine from the face of a complaint that a prisoner has not exhausted administrative remedies and is without a valid excuse); *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005) (noting that it is possible that a prisoner's complaint may clearly show that the prisoner has not exhausted his administrative remedies and under those circumstances *sua sponte* dismissal would be appropriate).

Plaintiff simply did not wait for prison officials to respond to his grievance. Plaintiff stated that he filed a grievance on August 10, 2011, and he signed the Complaint on August 21, 2011. Thus, Plaintiff waited 11 days to complete his Complaint, and Plaintiff waited 13 days to file the Complaint by presenting it to the prison mail room on August 23, 2011. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to court). The SCDC procedures give the warden 40 days to respond to a Step 1 grievance form, and there are 15 additional days the inmate must wait to account for the time it takes the institution to deliver, process, and serve the Step 1 form and response. *See* SCDC Inmate Grievance System Policy/Procedure issued 10-1-2010. Thus, because Plaintiff did not wait 55 days after filing his grievance on August 10, 2011, then he did not wait to receive an answer to a Step 1 grievance form before he filed this lawsuit. Plaintiff waited only 13 days from filing his grievance to file his Complaint, and he did not give the prison administrators a chance to

4

resolve the matter.  The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"  *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary).  Accordingly, this case is a rare circumstance where based on the face of the Complaint the action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

Additionally, this action should be dismissed because Plaintiff's requested relief is not available through this lawsuit, and as such, he has failed to state a claim on which relief may be granted.  As a general rule, federal courts should not interfere with prison officials' management of prisons.  *See Lovelace v. Lee*, 472 F.3d 174, 192-93 (4th Cir. 2006) (noting that courts should not plunge into prison policymaking); *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004) (noting that "the Supreme Court has cautioned that we should be hesitant to substitute our judgments for those of prison administrators"). There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").  The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places

limitations on official discretion. *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates). South Carolina law confers no protected liberty interest upon SCDC inmates from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation. *See Phillips v. South Carolina Dep't of Corr.*, C/A No. 8:10-1331-HFF-BHH, 2010 WL 2756910 (D.S.C. June 17, 2010), *adopted by,* 2010 WL 2754223 (D.S.C. July 12, 2010). *Cf. Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) (finding that South Carolina state law does not limit the discretion of prison officials' utilizing administrative segregation). Since Plaintiff was committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC prison officials without interference by the federal courts. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

September 12, 2011            s/ Kevin F. McDonald
Greenville, South Carolina    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).